IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31320
Summary Calendar

_____

UNITED STATES OF AMERICA

                Plaintiff - Appellee

      v.

BRYAN DILLON, also known as Brian Lott, also known as Slim

                Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CR-88-4-R
--------------------
October 7, 2002

Before KING, Chief Judge, and WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]

     Bryan Dillon appeals his jury-trial conviction for conspiracy to possess cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841 and 846.  For the following reasons, we AFFIRM his conviction.

     Dillon challenges the Government's use of peremptory challenges to strike three African-American men from the jury panel.  See Batson v. Kentucky, 476 U.S. 79, 89 (1986).  He

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the district court's analysis did not reach the third step of the <u>Batson</u> analysis, which requires the court to evaluate whether the reasons proffered by the Government were merely a pretext for racial discrimination. If the Government provides "plausible" reasons for its use of peremptory challenges, whether these reasons should be believed "is quintessentially a question of fact which turns heavily on demeanor and other issues not discernable from a cold record, such that deference to the trial court is highly warranted." <u>United States v. Williams</u>, 264 F.3d 561, 572 (5th Cir. 2001). We find no clear error in the district court's conclusion that the reasons given were "legitimate, non-discriminatory," and "rational."

Dillon also challenges the reliability of the methodology of an expert witness, an FBI agent who testified regarding the contents of an alleged drug ledger. The testimony of expert witnesses is governed by FED. R. EVID. 702, which provides in part that expert testimony must be based upon "sufficient facts or data," "the product of reliable principles and methods," and the witness must have "applied the principles and methods reliably to the facts of the case." We conclude that the district court did not abuse its discretion in finding the agent's methodology reliable. This court has stated that it is "well-established that an experienced narcotics agent may testify about the significance of certain . . . methods of operation unique to the

drug distribution business." United States v. Buchanan, 70 F.3d 818, 832 (5th Cir. 1996).

Dillon also challenges an additional instruction given to the jury after they had twice indicated that they were deadlocked. See Allen v. United States, 164 U.S. 492 (1896). He argues that the instruction deviated from the Fifth Circuit Pattern Jury Instruction by adding language encouraging the consideration of the views of other jurors, and omitting an admonition not to "yield a conscientious opinion . . . as to the weight or effect of the evidence," thus upsetting the "delicate balance" between the need to consider other views and the duty to adhere to one's own opinion. Although the instruction given did deviate somewhat from this Circuit's Pattern Jury Instructions, we conclude that this deviation was not so significant as to coerce the jury into reaching a verdict. After encouraging the jurors to consider other views, the court reminded the jurors not to "surrender[] your own conscientious conviction" in order to agree on a verdict.

AFFIRMED.